

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2008

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Brown" (2008). *2008 Decisions.* Paper 1709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4031
_____

United States of America

v.

Akey Brown,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 05-cr-00890)
District Judge: The Honorable Garrett E. Brown, Jr.


_____

Submitted Under Third Circuit LAR 34.1(a)
November 30, 2007
_____

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,[*] <u>District Judge</u>

(Opinion Filed January 24, 2008)

_____

OPINION

_____

_____

[*] The Honorable Paul S. Diamond, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

DIAMOND, <u>District Judge</u>.

Akey Brown appeals from his conviction for possession of marijuana with intent to distribute and possession of a firearm and ammunition as a convicted felon. 21 U.S.C. §§ 841(a)(1), (b)(1)(D); 18 U.S.C. § 922(g)(1). Brown challenges the District Court's denial of his motion to suppress physical evidence and a statement he made to the police.

We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we affirm.

## I.     Standard of Review

We review the denial of a suppression motion for clear error as to the factual findings, and exercise plenary review of the District Court's application of law to those facts. <u>United States v. Coles</u>, 437 F.3d 361, 365 (3d Cir. 2006); <u>United States v. Veal</u>, 453 F.3d 164, 166 n. 2 (3d Cir. 2006). Under the clear error standard, "[t]he district court's conclusion will stand unless it '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" <u>United States v. Antoon</u>, 933 F.2d 200, 204 (3d Cir. 1991) (quoting <u>Krasnov v. Dinan</u>, 465 F.2d 1298, 1302 (3d Cir. 1972)).

## II.    Background

The District Court found the following facts. On June 30, 2005, Police Detectives Travis Maxwell and Louis Vega were patrolling in Trenton in an unmarked car. When they saw Brown driving without wearing a seatbelt – a violation of New Jersey law – they stopped Brown's car. N.J. Stat. Ann. § 39:3-76.2f. Detective Maxwell approached the

driver's side window, which was open, and asked Brown for his license and registration. As Brown leaned over to retrieve these items, Detective Maxwell – an experienced narcotics officer – smelled raw marijuana and saw a partially open backpack containing marijuana in the car's backseat. Detective Maxwell ordered Brown out of the vehicle.

The detective retrieved the partially open backpack, concluded that it did contain marijuana, and told Detective Vega to arrest Brown. As he was being handcuffed, Brown blurted out that there was a gun in the backpack. Detective Maxwell searched the backpack's main compartment, finding more marijuana, two scales, and a box of ziploc bags. He then searched a smaller compartment of the backpack and found a loaded gun with an obliterated serial number.

On December 15, 2005, a grand jury in the District of New Jersey returned an indictment charging Brown with possessing a firearm as a convicted felon. On February 2, 2006, the same grand jury returned a superseding indictment, adding a charge of possession with intent to distribute over 100 grams of marijuana.

Brown moved on Fourth and Fifth Amendment grounds to suppress the marijuana and weapon, as well as his statement that there was a gun in the backpack. The District Court held a suppression hearing on February 28, 2006 at which Detective Maxwell, Detective Vega, and Brown testified. Crediting the testimony of the officers and discrediting the testimony of Brown, the Court denied the suppression motion, concluding that (1) marijuana odor in the car provided Detective Maxwell with probable cause for the search; and (2) because Brown volunteered his statement, there was no Miranda violation.

3

## III. Discussion

Brown argues that there was no probable cause supporting the search of his backpack, and that the District Court should have suppressed the drugs and the gun as fruits of the illegal backpack search. He further argues that his statement about the gun was obtained in violation of the Fifth Amendment because it was not preceded by Miranda warnings. See Miranda v. Arizona, 384 U.S. 436 (1966).

As an initial matter, we reject Brown's argument that the District Court erred in its factual findings. The version of the events accepted by the District Court – based on the testimony of both officers – certainly has evidentiary support. See United States v. Bethancourt, 65 F.3d 1074, 1078 (3d Cir. 1995) ("[W]e will not review a district court's credibility determination."). Accordingly, we will accept the District Court's factual findings.

### A. Physical evidence

We have held that warrantless searches are presumptively unreasonable under the Fourth Amendment unless an exception to the warrant requirement applies. See United States v. Lockett, 406 F.3d 207, 211 (3d Cir. 2005). We have also held that law enforcement officials may search an automobile without a warrant if there is probable cause to believe that the vehicle contains contraband. United States v. Burton, 288 F.3d 91, 100 (3d Cir. 2002). If probable cause exists, officers may search any part of the vehicle – including containers – that might conceal contraband. United States v. Salmon, 944 F.2d 1106, 1123 (3d Cir. 1991).

Based upon the facts it found, the District Court properly concluded that there was probable cause for the officers to search Brown's vehicle and its contents. Detective Maxwell smelled marijuana coming from the car. This alone was enough to establish probable cause. United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006) ("It is well-settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause."). The detective had an additional reason to search the car, however: standing outside the vehicle, he saw a ziploc bag containing marijuana in a backpack in the back seat of the car. See United States v. Yamba, 506 F.3d 251, 256 (3d Cir. 2007) ("[P]recedent has 'come to reflect the rule that if, while lawfully engaged in an activity in a particular place, police officers perceive a suspicious object, they may seize it immediately.'") (quoting Texas v. Brown, 460 U.S. 730, 739 (1983)). The sight and smell of marijuana certainly provided probable cause for the detective to search Brown's car and its contents. Brown contends that because the New Jersey state courts have articulated a more stringent probable cause standard under the New Jersey Constitution, Detective Maxwell's search cannot pass muster in federal court under the less stringent Fourth Amendment standard. To state this contention is to refute it. In Rickus, we held that "evidence obtained in accordance with federal law is admissible in federal court – even though it was obtained by state officers in violation of state law." United States v. Rickus, 737 F.2d 360, 363-64 (3d Cir. 1984).

In these circumstances, whatever the merits of Brown's contention regarding the New Jersey Constitution, under our well-settled interpretation of the Fourth Amendment,

the search of Brown's car was proper.  See Salmon, 944 F.2d at 1123.

### B.    Brown's Statements

Miranda warnings are required only when a suspect is both in custody and subject to interrogation.  Alston v. Redman, 34 F.3d 1237, 1246-47 (3d Cir. 1994) (citing Rhode Island v. Innis, 446 U.S. 291, 300 (1980)).  Interrogation means "express questioning or its functional equivalent . . . any words or actions on the part of police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect."  United States v. Brownlee, 454 F.3d 131, 146 (3d Cir. 2006) (quoting Innis, 446 U.S. at 300-01).

The Government concedes that Brown was in custody and had not received Miranda warnings when he told the police about the gun in his backpack.  The District Court found, however, that the police never interrogated Brown, who volunteered his statement without any prompting by police.  Accordingly, the District Court correctly concluded that there was no Fifth Amendment violation.  In asking us to reverse, Brown does little more than take issue with the District Court's decision to credit Detectives Maxwell and Vega and discredit Brown.  The District Court saw and heard all three witnesses; we will not disturb its credibility determinations.  See United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996) ("It is not for us to . . . determine the credibility of the witnesses.") (quoting United States v. Schoolcraft, 879 F.2d 64, 69 (3d Cir. 1989)).  Thus, Brown was not subject to interrogation, Miranda warnings were not required, and there was no violation of his Fifth Amendment rights.  Alston, 34 F.3d at 1246-47.

6

In these circumstances, the District Court properly denied Brown's motion to suppress the statement.

## III.    Conclusion

For the reasons stated, we affirm the judgment of the District Court.