**UNITED STATES of America**

v.

**Angel COLON, Appellant.**

**No. 09–1803.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on May 10, 2010.

Opinion filed: July 7, 2010.

Sherri A. Stephan, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Benjamin B. Cooper, Esq., Office of Federal Public Defender, Allentown, PA, Robert Epstein, Esq., Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

Before: BARRY and ROTH, Circuit Judges and HILLMAN *, District Judge.

* Honorable Noel L. Hillman, United States District Judge for the District of New Jersey, sitting by designation.

## OPINION

ROTH, Circuit Judge:

## I. Introduction

Angel Colon appeals a May 14, 2009, judgment of the United States District Court for the Eastern District of Pennsylvania sentencing him to 120 months imprisonment, to be followed by 96 months of supervised release, after he pled guilty to attempted possession with intent to deliver cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Colon alleges that the District Court erred by denying his motion to suppress evidence of the cocaine found inside a United States Express Mail package seized by postal inspectors. We will affirm the judgment of the District Court.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's findings on a motion to suppress for clear error, and exercise plenary review over its application of the law to the facts. *United States v. Mathurin*, 561 F.3d 170, 173 (3d Cir.2009). We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision.

## II. Background

On the morning of October 30, 2007, United States Postal Inspector Jose R. Cottes, Jr. was reviewing incoming mail at the Philadelphia International Airport when his suspicion was aroused by an Express Mail package. The package, which was wrapped in brown paper and heavily taped, had been mailed by Juan Olivencia Ortiz in Puerto Rico to David Olivencia Ortiz in Reading, Pennsylvania. The package was mailed from a post office in Puerto Rico different from the one servicing the return address. After consulting the Accurint database,[1] Inspector Cottes learned that the return address was a legitimate residence in Puerto Rico but that no one by the name of Juan Olivencia Ortiz lived there. Inspector Cottes then contacted the post office that services the return address, which confirmed that no "Juan Olivencia Ortiz" lived at that address.

Based on these facts, Inspector Cottes detained the package for further inspection. After a drug-detection dog alerted to the presence of narcotics, the inspectors secured a search warrant and discovered 1.6 kilograms of cocaine inside the package. A controlled delivery was arranged, during which Colon identified himself as David Ortiz and signed for the package. He was then arrested.

Colon moved to suppress evidence of the cocaine, claiming that the postal inspector lacked reasonable suspicion to seize the Express Mail package. After a hearing, the District Court denied the motion. On February 27, 2008, Colon entered a guilty plea but reserved his right to appeal the District Court's denial of his suppression motion. This appeal followed.

## III. Discussion[2]

Consistent with the Fourth Amendment, a postal inspector may detain a mail parcel for inspection only if he has a reasonable suspicion that it contains contraband. *United States v. Van Leeuwen*, 397 U.S. 249, 251–52, 90 S.Ct. 1029, 25 L.Ed.2d 282

---

1. Accurint is an online database that contains up-to-date information about postal addresses.

2. Although the parties dispute Colon's standing to challenge the Fourth Amendment seizure, we have confined our discussion to reasonable suspicion. Even assuming that Colon has standing, the District Court properly denied Colon's motion to suppress because the postal inspector had reasonable suspicion to detain the package.

(1970). In determining whether reasonable suspicion existed, the district court must examine the totality of the circumstances confronting the officer at the time and eschew analyzing any one factor in isolation. *United States v. Arvizu*, 534 U.S. 266, 273–74, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Although law enforcement officers may not act on a "mere hunch" to establish reasonable suspicion, they may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *Id.* (citations omitted).

Inspector Cottes stated the following reasons for detaining the package: (1) the use of Express Mail, a preferred method of drug traffickers which enables them to track the package; (2) the package was sent from Puerto Rico, a known drug source location; (3) the package was mailed from a post office outside of the zipcode on the return address; (4) an Accurint check revealed that no one by the sender's name lived at the return address; and (5) the package was heavily taped at all seams, which drug traffickers tend to believe prevents detection of the drugs. Although most of these circumstances, viewed independently, comport with innocent behavior, Inspector Cottes explained how the combination of these factors provided a reasonable basis for suspecting that the package contained contraband. *See id.* at 274, 122 S.Ct. 744 (rejecting a "divide-and-conquer analysis" whereby the lower court evaluated the factors of reasonable suspicion "in isolation from each other"); *United States v. Whitted*, 541 F.3d 480, 489 (3d Cir.2008) (whether reasonable suspicion existed at the time of the search is based on the "totality of the circumstances" even if "each individual factor alone may be consistent with innocent behavior").

Moreover, Inspector Cottes was entitled to rely on his seventeen years of experience in intercepting suspicious mail parcels—five of which were spent in Puerto Rico—in determining whether reasonable suspicion justified detaining the package. *See United States v. Robertson*, 305 F.3d 164, 168 (3d Cir.2002) (an officer's "experience and training [are] indispensable to his evaluation of reasonable suspicion"); *United States v. Dennis*, 115 F.3d 524, 533 (7th Cir.1997). When taken together, these factors gave Inspector Cottes a reasonable suspicion, grounded in specific observations and information, to believe that the package contained drugs. *See, e.g., United States v. Alexander*, 540 F.3d 494, 501 (6th Cir.2008) (holding that reasonable suspicion existed where "the signature was waived with an 'X' mark, the package seemed 'dense,' the label was handwritten, the package was coming from [a drug source location], and the return address was fictitious"); *United States v. Terriques*, 319 F.3d 1051, 1056–57 (8th Cir. 2003); *United States v. Hernandez*, 313 F.3d 1206, 1211 (9th Cir.2002). Accordingly, the District Court properly denied Colon's motion to suppress the evidence.

## IV.  Conclusion

For the foregoing reasons, we will affirm the judgment of conviction.