**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4830
_____

UNITED STATES OF AMERICA

v.

RICHARD HAYES,

Appellant

On Appeal from the District Court
for the Western District of Pennsylvania
(District Court No.: 2-11-cr-00069-001)
District Judge:  Honorable Terrence F. McVerry

Submitted under Third Circuit LAR 34.1(a)
on November 17, 2014

Before:  RENDELL, JORDAN and NYGAARD, Circuit Judges

(Opinion filed: March 27, 2015)

_____

O P I N I O N[*]

_____

**RENDELL**, Circuit Judge,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Richard Hayes appeals from the District Court a denial of his Motion to Suppress Evidence of a mailed package containing marijuana. The seizure of this package led the authorities to discover another package containing cocaine, and upon such discovery, Hayes was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine.

Hayes appeals on the basis that a postal service worker's removal of a package from the mailstream to inspect it was not supported by reasonable suspicion, and once removed from the mailstream, the amount of time it took for the package to arrive at its destination was not reasonable and therefore, constituted an unreasonable seizure.

Hayes contends that because the postal service worker had no personal knowledge of the smell of raw marijuana, and her only knowledge of the smell of burnt marijuana from a college party she attended over 30 years ago, her suspicions of the package did not amount to the reasonable suspicion necessary to remove the package from the mailstream. Hayes also contends that as a result of this removal, the package did not arrive at its final destination for another four days, which was an unreasonable delay and therefore constituted an illegal seizure.

**A. Reasonable Suspicion to Remove Package from Mail Stream for Inspection**

Petitioner argues that Kathleen Wells, the postal service worker who was on duty at the time his package was removed from the mailstream for inspection, did not have the reasonable suspicion required to do so. He points out that Wells lacked the knowledge to detect the smell of raw marijuana based on her memory of the odor of burnt marijuana

2

approximately 30 years ago at a college party she attended. He also asserts that the Postal Service Inspector on duty, Steven Celletti, erred in failing to inquire about Wells' experience and qualifications in being able to identify raw marijuana before he instructed her to keep the package secure overnight, thereby keeping it out of the mailstream.

Postal authorities may seize and detain mailed items for a reasonable amount of time, if they have a reasonable suspicion of criminal activity. *United States v. Van Leeuwen*, 397 U.S. 249, 251-52 (1970). Reasonable suspicion that a mail parcel contains contraband for purposes of temporary detention is evaluated under a totality of the circumstances standard. *United States v. Colon*, 386 F. App'x 229, 230-31 (3d Cir. 2010).

Petitioner's arguments that Wells and Celletti lacked reasonable suspicion are unavailing. First, "the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause." *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006). Several postal employees handling mail on the floor at the time Petitioner's mail was removed from the mailstream smelled marijuana coming from the package, as it had come partly open in transit. They notified Wells, the postal service worker on duty, of the smell. She approached the package, and also smelled what she believed to be marijuana. She contacted Celletti, who instructed her to keep the package overnight. He inspected the package the next morning, and identified the odor emanating from it as marijuana. This smell, as identified by several individuals who handled the package, on its own established the reasonable suspicion necessary to remove the package from the mailstream.

3

However, many other factors, taken in totality, pointed to the existence of reasonable suspicion here.  In *Van Leeuwen*, the Court upheld the authorities' detention of a package because they had reasonable suspicion based on: (1) the nature and weight of the packages; (2) the fictitious return address on the packages; and (3) the foreign license plates of the person placing the packages into the mail.  397 U.S. at 252.  Several facts, as observed by Wells, Celletti and Brian Plants, Celletti's colleague, establish reasonable suspicion here: (1) multiple individuals believed the package smelled like marijuana, (2) its contents were wrapped in a black plastic bag, also an indicator of a narcotics shipment, (3) it contained scented dryer sheets, typically used by narcotics traffickers to mask the smell from canines, (4) the package contained a California source address, a known source of narcotics, and (5) no known individual by the name on the parcel was known to reside at the destination address.  But, specifically in response to Hayes's argument that Wells did not have reasonable suspicion to take the package out of the mailstream in the first place, the fact that she and others who handled the package believed that it smelled like marijuana was, by itself, sufficient to establish the requisite reasonable suspicion.

Petitioner objects to Celletti's reliance on Wells' belief that she smelled marijuana in the package in his decision to instruct her to hold the package overnight before he could verify the smell.  The Government is correct, however, that Wells' role could be analogized to that of a known informant, whose tip provided a law enforcement officer such as Celletti with sufficient information to establish reasonable suspicion.  *United States v. Torres*, 534 F.3d 207, 211 (3d Cir. 2008).  Under *Torres*, this Court evaluates an

4

informant's credibility by examining (1) whether the tip was relayed face-to-face such that the officer had the opportunity to appraise the witness's credibility through observation, (2) the person providing the tip can be held responsible if her allegations turn out to be fabricated, (3) the content of the tip is not information that would be available to any observer, (4) and the person providing the information has recently witnessed the alleged criminal activity, and (5) the tip predicts what will follow, which allows the police a means to test the informant's knowledge or credibility. 534 F.3d at 211. All but one of these factors weigh in favor of Wells' credibility, and therefore validate Celletti's decision to trust her observations.

**B. Length of Delay in Retaining Package Was Reasonable**

Petitioner objects to the four-day delay in the delivery of the parcel to its destination address as an unreasonable seizure in violation of the Fourth Amendment. The temporary detention of packages for purposes of investigation does not run afoul of the Fourth Amendment provided there is reasonable suspicion. *Van Leeuwen*, 397 U.S. at 251. *Van Leeuwen* held a 29-hour delay reasonable due to the reasons for the delay— the suspicious nature of the packages and the difficulty in contacting a distant recipient address for one of them. *Id.* at 253. In *United States v. Golson* this Court held a four-day delay not to be unreasonable where the delay was due in part to "investigation, scheduled leave, and the weekend." 743 F.3d 44, 55 (3d Cir. 2014). The delay in delivering the parcel in Petitioner's case was also due to investigation, an extended holiday weekend, and the unavailability of the Duty Magistrate Judge to provide a warrant when offices opened on the Tuesday after the long weekend. Therefore, it was not unreasonably long.

5

Petitioner is correct that "in assessing the effect of the length of the detention, we take into account whether the police diligently pursue their investigation." *United States v. Place,* 462 U.S. 696, 709 (1983). Defendant argues that Celletti's one-day delay in arriving at the mail distribution center to examine the package, his handing off the investigation to Plants, and Plants' lack of effort to obtain a warrant over the holiday weekend evinced lack of diligence and unreasonably prolonged the warrantless seizure of the package. These facts do not demonstrate a lack of diligence. Celletti inspected the package in person the morning after its discovery in the mailstream because he knew that the steps necessary to either release the package for delivery or engage in a controlled delivery with law enforcement could not be accomplished that evening. After verifying that the package smelled like marijuana, Celletti handed the investigation to Plants due to Celletti's heavy workload. Plants reinstated the investigation as soon as he was back from the weekend, and obtained a warrant the next day, the earliest that the Magistrate Judge was available to issue one. This case is hardly a situation, as Defendant suggests, where law enforcement officials obtained a search warrant "at their leisure". *United States v. Dass*, 849 F.2d 414, 415 (9th Cir. 1988) (finding that 7 to 23 days of delay in seeking warrants after removing packages from the mail was unreasonable).

## CONCLUSION

For the reasons stated above, we affirm the District Court's ruling.