NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3444
_____

UNITED STATES OF AMERICA

v.

BERNARD MCMILLION,
                         Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-08-cr-00205-01)
District Judge:  Hon. William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2012

Before:  FUENTES, SMITH, and JORDAN, *Circuit Judges*.

(Filed: March 30, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Bernard McMillion pled guilty to drug and firearm offenses in the United States

District Court for the Middle District of Pennsylvania.  McMillion's plea agreement

provided that he could appeal the District Court's ruling denying his pre-trial motion to suppress evidence, which he now challenges before us. For the following reasons, we will affirm.

## I.    Background

In the late evening of August 17, 2007, two members of the Swatara Township Police Department, Ronald Soutner and Dennis Krahling, were assigned to patrol apartment complexes in high crime areas, as part of the Dauphin County Drug Task Force. During that patrol, Soutner and Krahling entered building number 103 of the East Ridge Apartments on Worchester Avenue. Once inside, Soutner detected the smell of marijuana coming from the second floor, and the officers followed the odor up the stairs to apartment number three.

After Soutner knocked on the door of that apartment, someone inside asked who was there, and the officers identified themselves. There was a brief delay before the apartment's tenant, Schkira Washington, opened the door. When she did so, the officers detected a much stronger marijuana odor. The officers advised Washington that they were investigating the marijuana smell in the building, informed her that they could smell it in the apartment, and asked her if there were any drugs in the apartment. At that point, McMillion, who was Washington's boyfriend, approached the officers, and the officers explained their investigation to him. While the chronology of events is not entirely clear from the record, at some point during the conversation the officers entered the apartment, handcuffed Washington and McMillion, advised them that they were being detained for the investigation of drug activity, and read them their Miranda rights. McMillion became

2

agitated, and admitted to the officers that the marijuana in the apartment had belonged to him but said that all of it had already been smoked. The officers removed him from the scene.

Soutner left to obtain a search warrant, while Krahling stayed in the apartment with Washington. During that time, Krahling observed a bag of marijuana on the kitchen counter and reported it to Soutner so that it could be included in the probable cause affidavit. After receiving approval from a magistrate judge, the officers executed the warrant just after midnight on August 18, 2007. The officers found a .22 caliber revolver, $8,000 in cash, approximately 15 ounces of marijuana, and drug paraphernalia.

McMillion was charged in a three-count indictment with, among other things, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) ("Count One"), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) ("Count Three"). He responded by filing a motion to suppress the evidence seized from the apartment by the police officers, arguing primarily that there were no exigent circumstances to justify the officers' initial entry into the apartment. The District Court denied that motion, concluding that McMillion's "warrantless arrest was supported by probable cause and the exigencies of the situation warranted intrusion into the residence to secure the scene." (App. 104.) McMillion subsequently pleaded guilty to Count One and Count Three. The plea agreement permitted him to file a direct appeal of the District Court's order denying the suppression motion. He was sentenced to sixty months' imprisonment and three years' supervised release, and he timely appealed.

3

## II.    Discussion[1]

McMillion argues that the District Court erred in concluding that the warrantless entry was justified by exigent circumstances and in concluding that the officers had probable cause to arrest him.  We disagree.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.  In *United States v. Coles*, we held that "[w]arrantless searches and seizures inside someone's home … are presumptively unreasonable unless the occupants consent or probable cause *and* exigent circumstances exist to justify the intrusion."  437 F.3d 361, 365 (3d Cir. 2006) (citations omitted).

One well-recognized exception to the warrant requirement "applies when the exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment."  *Kentucky v. King*, 131 S.Ct. 1849, 1856 (2011) (alteration in original) (citation and internal quotation marks omitted).  One such exigency, "[t]he need 'to prevent the imminent destruction of

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We review "the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts."  *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

evidence,' has long been recognized as a sufficient justification for a warrantless search." *Id.* (quoting *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006)).

Here, the exigency of the circumstances provided the officers with an objectively reasonable belief that a warrantless entry was justified. The officers followed the odor of marijuana to Washington's apartment, knocked on the door and, when Washington opened the door, the odor was even stronger. It was thus reasonable for the officers to suspect that there was ongoing drug activity, and, particularly in light of McMillion's admission to smoking marijuana, it was also reasonable for the officers to conclude that contraband was being destroyed and would continue to be destroyed or removed if they did not act immediately.

For the same reasons, there was probable cause to believe there was criminal activity in the apartment. "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed." *United States v. McGlory,* 968 F.2d 309, 342 (3d Cir. 1992) (citation omitted). "It is well settled that the smell of marijuana alone, if articulable and particularized, may establish … probable cause." *United States v. Ramos*, 443 F.3d 304, 308 (3d. Cir. 2006) (citation omitted). Again, the officers smelled the odor of marijuana in the building's hallway, and they followed the smell up to Washington's apartment where, when she opened the door, they perceived the smell even more strongly. Those facts indicate that the smell was "articulable and particularized" so as to establish probable cause. *Id*. Accordingly, exigent circumstances and probable cause

existed to justify the warrantless entry and, given his admissions, McMillion's arrest. *Coles*, 437 F.3d at 365.

## III. Conclusion

For the foregoing reasons, we will affirm.