**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1713
_____

UNITED STATES OF AMERICA

v.

TELLAS KENYATTA DOCKERY

Tellas Dockery,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00269-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 19, 2018
_____

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: June 20, 2018)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, Circuit Judge.

Appellant Tellas Dockery appeals from an order of the District Court denying his motion to suppress physical evidence. We will affirm.

**I**

**A**

As we write solely for the parties, we recite only the facts necessary for this opinion. On February 24, 2015 at approximately 12:00 p.m., Sergeant Adam Schwartz of the Bensalem Township Police Department, and a partner, Officer Kevin Howard, patrolled the Lincoln Motel in Bucks County, Pennsylvania. Schwartz had previously conducted "numerous" criminal investigations at the motel. App. 37.

The Lincoln Motel has an internal hallway, from which guests access their rooms. The hallway is also open to members of the public, who enter the motel to buy alcohol, sold at the front desk. In this hallway, Schwartz saw Appellant and a female companion leave their motel room, carrying bags and personal belongings. They had checked into the motel the night before.

As the door to Appellant's motel room "opened and closed," App. 107, Schwartz smelled "an overwhelming odor of raw marijuana" emanating from the room, App. 39. After smelling the marijuana, Schwartz and Howard stopped Appellant and his companion. Appellant was visibly nervous and appeared to the officer to be under the influence of alcohol or a controlled substance. Schwartz also smelled marijuana on Appellant himself.

2

Appellant and the woman both told Schwartz that they had already checked out of their motel room and had left the key inside the room. Indeed, neither was found to have a room key when they were later arrested and searched. Check-out time had passed at 11:00 a.m. and there was no evidence that Appellant or his companion paid for late check-out.

Two back-up police officers arrived. Howard then went to the front desk. When he returned, he told Schwartz that the motel room had been rented in the woman's name, she had already checked out, and the key had been left in the room.[1]

The front desk gave Howard another key to Appellant's motel room. Howard and Schwartz searched the room, as back-up officers continued to detain Appellant and his companion. Inside the motel room, Schwartz found burnt marijuana cigarettes. The room contained no personal belongings, and, as expected, the room key was inside.

The police arrested Appellant and his companion for the marijuana found in the motel room. The police subsequently searched Appellant's car and recovered a gun and cocaine.

**B**

Appellant filed a motion to suppress physical evidence.[2] The District Court held an evidentiary hearing at which Schwartz testified. The District Court denied the motion.

---

[1] Somewhat inconsistently, a motel record was later produced that contained a "timestamp" of 12:12 p.m. Officer Schwartz agreed that this timestamp related to a check-out time. However, he also testified that at 12:12 p.m., Appellant and his companion could not possibly have been checking out as they were detained by the police from approximately 12:00 p.m. through their custodial arrest.

Appellant pled guilty to possession with intent to distribute cocaine, 21 U.S.C.

§ 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C.

§ 924(c)(1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). He

was sentenced to 240 months' incarceration and 5 years' supervised relief. Appellant

preserved the right to appeal the denial of his suppression motion. This timely appeal

followed.

**II**[3]

Appellant challenges the denial of his motion to suppress on two grounds: (1) that

the police lacked reasonable suspicion to stop him in the motel hallway, and (2) that the

police unconstitutionally searched his motel room without probable cause or a warrant.

We address each issue in turn.[4]

**A**

Under the Fourth Amendment, to conduct a *Terry* stop the police must possess

reasonable, articulable suspicion that the defendant committed criminal activity. *Terry v.*

*Ohio*, 392 U.S. 1, 21 (1968); *see also Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000).

---

[2] Appellant also moved to suppress his confession, but that issue is not before us on appeal.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's fact-findings for clear error and exercise plenary review over the application of the law to the facts. *See United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006).

[4] Appellant's brief could also be read to assert that the police lacked reasonable suspicion to patrol the motel hallway. To the extent that Appellant raises this claim, it fails because Appellant had no reasonable expectation of privacy in this common area of the motel, which was open to guests and the public alike. *See United States v. Acosta*, 965 F.2d 1248, 1252 (3d Cir. 1992).

4

The reasonable suspicion analysis turns on what the officers knew before the stop. *See Florida v. J.L.*, 529 U.S. 266, 271 (2000). That is, "[i]nformation acquired after the initial seizure is not relevant to the reasonable suspicion analysis." *United States v. Foster*, Nos. 16-3650 & 16-4225, 2018 WL 2423277, at *5 (3d Cir. May 30, 2018); *see also United States v. Lewis*, 672 F.3d 232, 238 (3d Cir. 2012).

Appellant was subject to a *Terry* stop in a motel hallway. He contends that this stop was unconstitutional because its justification arose only after the stop. Specifically, Appellant claims that the basis for the stop was the odor of marijuana, which the police smelled after stopping him. Appellant misstates the facts. As the District Court properly found, the police smelled raw marijuana coming from the open door of Appellant's motel room before the stop. This odor of marijuana, particularized to Appellant's motel room, is grounds for a *Terry* stop, as Appellant concedes. *See United States v. Ramos*, 443 F.3d 304, 309 (3d Cir. 2006). Therefore, this argument fails.

**B**

Under the Fourth Amendment, a hotel guest is entitled to the same expectation of privacy to his hotel room as one is to his own home. *See Stoner v. California*, 376 U.S. 483, 490 (1964); *see also Minnesota v. Olson*, 495 U.S. 91, 99 (1990); *United States v. Coles*, 437 F.3d 361, 365 (3d Cir. 2006). However, a guest has no such expectation of privacy after he "vacate[s] the room," "[t]he hotel . . . ha[s] the exclusive right to its possession, and the hotel management freely g[ives] its consent that the search be made." *Abel v. United States*, 362 U.S. 217, 241 (1960).

Here, as in *Abel*, Appellant had no expectation of privacy in his motel room at the time of the police search because he had already checked out. The District Court's fact-finding on this point is not clearly erroneous. To the contrary, there was substantial evidence to support it. Appellant, his companion, and the front-desk staff all told the officers that check-out occurred before the initial *Terry* stop. Appellant's room key was locked inside the room, which contained no personal belongings. Finally, the search took place after the motel's check-out time and there was no evidence that Appellant or his companion had paid for late check-out.

In the face of this evidence, Appellant points to the motel record time-stamped 12:12 p.m., which the arresting officer agreed was related to check-out. From this time-stamp, Appellant argues that he and his companion had not yet checked out when they were detained and their motel room searched. However, the District Court rejected such a finding in light of the extensive contradictory evidence establishing that Appellant checked out before the initial *Terry* stop. We cannot conclude that this finding was clear error. Indeed, the arresting officer testified that Appellant and his companion could not possibly have checked out at 12:12 p.m. as they were detained by the police from approximately 12:00 p.m. through their custodial arrest.

**III**

The District Court's denial of the motion to suppress will be affirmed.