**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1008
_____

UNITED STATES OF AMERICA

v.

HAROLD RODRIGUEZ-MERCADO,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-18-cr-00056-001)
District Judge: Honorable John E. Jones III

_____

Submitted under Third Circuit LAR 34.1(a)
on Thursday, September 19, 2019

Before: KRAUSE and MATEY, *Circuit Judges*, and QUIÑONES,* *District Judge*.

(Opinion filed: September 25, 2019)

_____

OPINION*

_____

_____

* Honorable Nitza I. Quiñones Alejandro, District Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Harold Rodriguez-Mercado appeals from his convictions for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He argues that the District Court erred in denying his motion to suppress. We discern no such error and so will affirm.

## Discussion[1]

Rodriguez-Mercado argues that the two officers involved in his arrest violated the Fourth Amendment by detaining and frisking him without reasonable suspicion and by searching the car he had been driving without probable cause. Neither argument is persuasive.

### A.     The Stop and Frisk

Police officers may detain a suspect when they "ha[ve] a reasonable, articulable suspicion that criminal activity is afoot," *United States v. Hester*, 910 F.3d 78, 84 (3d Cir. 2018) (citation omitted), and may perform a "subsequent protective frisk of that suspect . . . where [they] have reason to believe that the suspect may pose a danger," *United States v. Lowe*, 791 F.3d 424, 430 (3d Cir. 2015). Reasonable suspicion requires only a "minimal level of objective justification" that is specific to the detainee, *United States v. Graves*, 877 F.3d 494, 498 (3d Cir. 2017) (citation omitted), and allows officers

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. On appeal from an order denying a motion to suppress, we review the District Court's legal determinations *de novo* and its factual findings for clear error. *United States v. Lewis*, 672 F.3d 232, 236–37 (3d Cir. 2012).

to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them," *United States v. Brown*, 765 F.3d 278, 290 (3d Cir. 2014) (citations omitted).

Rodriguez-Mercado contends that the officers stopped and frisked him without reasonable suspicion. The record shows otherwise. The first officer was confronted with a "very strong" smell of marijuana coming from the BMW and saw a passenger sitting in the car rolling a blunt, suggesting to the officer that there was additional marijuana in the vehicle. Further, the BMW had been left running in the parking lot and Rodriguez-Mercado, the only remaining customer, exited the store carrying two sodas and walking toward the vehicle—all of which pointed toward his being the missing driver. Accordingly, the officers had reasonable suspicion that Rodriguez-Mercado was involved in a drug offense and thus could briefly detain him for investigative purposes.

The same is true for the officers' decision to frisk Rodriguez-Mercado. As the second officer explained in his narrative of the encounter, he knew, based on his "training and experience," that drug dealers "often carry weapons on their person." J.A. 92. And here, the officer had reason to believe Rodriguez-Mercado was a drug dealer: When asked, he admitted to being the driver of a car that reeked of marijuana; his passenger, who was only seventeen, was found in the car rolling a joint; and the BMW was "an expensive, luxury model" that Rodriguez-Mercado "was very young to be driving," J.A. 89, 92, 109. Under those circumstances, the officer was entitled to perform a limited pat-down for weapons to protect himself and his fellow officers. *See United States v. Edwards*, 53 F.3d 616, 618–19 (3d Cir. 1995).

3

Rodriguez-Mercado advances two additional theories for why the officers overstepped. Neither is persuasive. First, he argues that the decision to handcuff him was not "justified by the circumstances," *Baker v. Monroe Township*, 50 F.3d 1186, 1193 (3d Cir. 1995). We disagree: The officers reasonably believed Rodriguez-Mercado was involved in a drug offense but could not be certain he was the only other passenger, and accordingly a brief detention in handcuffs while they searched the vehicle at the scene was reasonable. Second, he suggests—but does not argue outright—that the officers should not have asked him about the BMW before giving him *Miranda* warnings. Even if that argument has not been waived, it is without merit: The officers needed to know whether anyone else connected with the car would soon turn up at the scene, and because the brief detention did not rise to the level of a full custodial arrest, Rodriguez-Mercado was not entitled to *Miranda* warnings. *See Berkemer v. McCarty*, 468 U.S. 420, 435–42 (1984).

Because Rodriguez-Mercado's stop and frisk were both lawful, the District Court did not err in denying suppression of his statements or the evidence seized.

## B.     The Search of the BMW

Rodriguez-Mercado next contends that the evidence found in the BMW should have been suppressed because the vehicle search was conducted without probable cause. *United States v. Donahue*, 764 F.3d 293, 299–300 (3d Cir. 2014). Specifically, he argues that once the officers had removed the passenger and the blunt she was rolling from the vehicle, "[t]hey had no basis . . . to believe that she or anyone else had engaged in any other crime." Appellant's Br. 11–12.

4

Rodriguez-Mercado misapplies our case law.  Assessing whether there was probable cause requires a "'commonsense,' 'practical,' and 'nontechnical'" inquiry "based on the totality of the circumstances," *Donahue*, 764 F.3d at 301 (quoting *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983)), and "[i]t is well settled that the smell of marijuana alone, if articulable and particularized, may establish . . . probable cause," *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006).  Here, the officers not only observed the passenger rolling an unlit blunt; they also were confronted with a potent smell of marijuana coming from the car, one that suggested at least a "fair probability," *Donahue*, 764 F.3d at 301 (quoting *Gates*, 462 U.S. at 238), that additional evidence related to one or more drug offenses would be found within the vehicle.  And once the officers had probable cause, they were entitled to "search . . . every part of the vehicle and its contents that may [have] conceal[ed] the object of the search."  *Id.* at 300 (quoting *United States v. Ross*, 456 U.S. 798, 825 (1982)).  The District Court thus did not err in denying suppression of the evidence obtained during the vehicle search.

## Conclusion

For the foregoing reasons, we will affirm the judgment of conviction.

5