NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————————

No. 19-2019

——————————

UNITED STATES OF AMERICA

v.

DEXTON BRUNSON,
                                Appellant

——————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:17-cr-00068-001)
District Judge: Honorable John E. Jones, III

——————————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 12, 2019

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: November 19, 2019)

——————————

OPINION[*]

——————————

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dexton Brunson appeals the District Court's order denying his motion to suppress evidence, alleging a violation of his Fourth Amendment rights. For the reasons stated below, we affirm that order.

Brunson was charged in a two-count indictment with Possession with Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. § 841(a)(1) and Conspiracy to Possess with Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. § 846. Principally at issue is whether the probable cause affidavit used to secure the search warrant for Brunson's home was sufficiently detailed to support the magistrate judge's probable cause finding and whether it contained false statements made with knowing or reckless disregard of the truth by Pennsylvania State Trooper Rodney Fink.

In December 2016, Deputy U.S. Marshal Lewis and Pennsylvania State Trooper Navitsky arrested Brunson in his home on a warrant in connection with assault and firearms offenses. During the arrest, the officers observed both the smell of marijuana and pieces of marijuana on the floor. Brunson asked if he could change into a pair of pants before leaving his home. On inspection of those pants' pockets, the officers found a folded dollar bill containing cocaine. They called State Trooper Fink and relayed their suspicion that Brunson had additional drugs hidden on the premises. Trooper Fink prepared a probable cause affidavit for a search warrant that included the officers' observations of the odor and small pieces of marijuana on the floor, Brunson's prior convictions for drug-related offenses, and "a baggie containing cocaine" found in Brunson's pants. App. 35. The magistrate judge issued the warrant. When officers

2

searched Brunson's home, they found contraband and other incriminating evidence that form the basis for the charges in this case.

Brunson moved to suppress the seized evidence prior to trial, arguing that the affidavit's improper characterization of the cocaine as contained in a "baggie," as opposed to a folded dollar bill, was deliberate and materially false. The District Court held an evidentiary hearing and ruled that Brunson did not make a threshold showing that the affidavit contained false statements made with knowing or reckless disregard for the truth, and it denied his motion to suppress. Brunson later entered a conditional guilty plea, which allowed for him to bring this appeal.

We have jurisdiction per 28 U.S.C. § 1291. "We review a district court's order denying a motion to suppress under a mixed standard of review. We review findings of fact for clear error, but we exercise plenary review over legal determinations." *United States v. Lewis*, 672 F.3d 232, 236–37 (3d Cir. 2012) (internal citation omitted).

Brunson raises two issues on appeal. First, he argues that Trooper Fink's affidavit on its face did not supply probable cause to issue the search warrant. He argues that the description of the marijuana on the floor of his home "lacked specificity and particularity" because it failed to identify exact "weights or quantities." App. 16. But the presence or smell of marijuana may establish probable cause so long as it is sufficiently "articulable and particularized." *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006). Brunson fails to explain why the exact quantity of marijuana has any bearing on the probable cause determination. He also argues that even if there were probable cause for his own personal use of the marijuana and cocaine, the officers found nothing proving

3

intent-to-distribute offenses like the ones with which he was charged. This argument also fails because, even though the scope of a search is confined by the extent of its authorization, *see Reedy v. Evanson*, 615 F.3d 197, 225 (3d Cir. 2010), lawfully seized evidence may support a prosecution for charges beyond those identified by the arresting officer at the time of the arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004). We thus reject Brunson's argument that the search warrant affidavit by its terms did not give rise to probable cause.

Second, Brunson argues that the characterization of the cocaine's container as a "baggie" in the affidavit—which the parties agree was inaccurate—was deliberate and materially false under *Franks v. Delaware*, 438 U.S. 154 (1978). We apply a two-prong test to determine whether a defendant has overcome the presumption that an affidavit of probable cause validly supports a search warrant. To succeed on his claim, Brunson must show that (1) the affidavit contained a false statement that was made knowingly or with reckless disregard for the truth, and (2) the false statement was material to the finding of probable cause. *Franks*, 438 U.S. at 155–56; *United States v. Calisto*, 838 F.2d 711, 714 (3d Cir. 1988). He fails to make either showing.

The District Court correctly found that Brunson offered little in the way of evidence to support his assertion that Trooper Fink knowingly or recklessly misstated the truth in his affidavit. Trooper Fink conceded at the suppression hearing that there was no baggie of cocaine but testified that he may have mistakenly inserted that language because "that's how [cocaine is] . . . commonly packaged." App 83. We discern nothing clearly erroneous about the District Court's finding that this inaccuracy was "entirely

4

unintentional." App 9.  The most the record could support was that Trooper Fink

committed a "neglien[t] or innocent mistake," and we have made clear that such a finding

does not satisfy *Franks*. *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (citation

omitted).

Because Brunson's arguments fail on the first prong of the *Franks* test, we need

not consider whether the false statement and omissions were material to the finding of

probable cause.[1]

Thus, we affirm the order of the District Court.

---

[1] But even without the "baggie" language, the affidavit lists other evidence that supports
a finding of probable cause, including pieces of marijuana on the floor, the odor of
marijuana in the home, cocaine in Brunson's sweatpants, and his criminal history of
numerous drug-related offenses for, among other things, possession of marijuana and
cocaine.