NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3155
_____

UNITED STATES OF AMERICA

v.

LE'QUAN REGISTE,
                              Appellant

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-18-cr-00041-001
Honorable Curtis V. Gomez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 11, 2020

Before: SMITH, *Chief Judge*, CHAGARES and MATEY, *Circuit Judges*

(Filed: December 11, 2020)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

After the District Court denied Le'Quan Registe's motion to suppress drugs and a firearm seized from his vehicle, a jury found Registe guilty of possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and not guilty of possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A). The District Court sentenced Registe to, *inter alia*, six months of imprisonment and a three-year term of supervised release. Registe timely filed this appeal, challenging the District Court's denial of his motion to suppress.[1] For the reasons that follow, we will affirm.

A suppression hearing established that at approximately 10:15 p.m. on May 18, 2018, Registe was in his parked car near a bar. Law enforcement personnel were also near the bar investigating a report that people were smoking marijuana around several businesses. Officer Ecedro Lindquist of the Virgin Islands Police Department approached Registe's car, which had heavily tinted windows. After shining his flashlight in the vehicle, Officer Lindquist saw an empty firearm holster on the rear passenger seat. Registe was in the driver's seat holding what appeared to be a marijuana cigarette. Detective Richard Velazquez of the Virgin Islands Police Department, who approached Registe's car on the passenger side, also observed Registe in the driver's seat with what Velazquez believed

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We have jurisdiction under 28 U.S.C. § 1291. We apply clear error review to the District Court's factual findings and exercise plenary review over questions of law. *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

was a marijuana cigarette and the empty holster on the rear seat. Because they were in a high-crime area, Officer Lindquist and Detective Velazquez knocked on Registe's window intending to speak with him about whether he had a firearm in the car or a permit to carry one. Registe tried to drive away, but his path was blocked by moving traffic and Officer Lindquist continued to knock on Registe's car window. Registe again attempted to leave the area, but traffic again blocked his egress. Registe then parked his car and exited the vehicle.

Exactly what followed is in dispute. The District Court found that Officer Lindquist smelled marijuana as Registe exited his car, and that Detective Velazquez could not determine whether Registe had a weapon in his hand as he exited the car. The officers' attempt to conduct a pat-down met resistance, which led to Registe's being handcuffed. The pat-down search yielded neither contraband nor weapons, but Officer Lindquist did retrieve a key to the car. Believing he had probable cause, Officer Lindquist searched the vehicle for contraband. In doing so, he found a Glock handgun in the glove compartment, a backpack containing marijuana in sandwich bags, and cash.

Facing federal drug and firearm charges, Registe moved to suppress the contraband seized from his car. The District Court denied the motion, concluding that the initial decision to approach Registe's car was a permissible *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968). The District Court also concluded that, when Registe exited his car and Officer Lindquist smelled marijuana coming from the car, the totality of the circumstances established probable cause that Registe had violated 21 U.S.C. § 844(a) (making simple possession of a controlled substance unlawful). *See United States v. Ramos*, 443 F.3d 304,

3

308 (3d Cir. 2006) ("It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause"). The District Court concluded, therefore, that the ensuing search of Registe's car was constitutionally permissible.

Before us, Registe contends that the District Court erred in determining that Officer Lindquist and Detective Velazquez had reasonable suspicion for conducting the initial *Terry* stop. Given the totality of the circumstances as articulated by the District Court, we agree that Officer Lindquist and Detective Velazquez had an objective basis for suspecting that "criminal activity may be afoot" and that "the person[] with whom [they were] dealing may be armed and presently dangerous." *Terry*, 392 U.S. at 30; *see also United States v. Cortez*, 449 U.S. 411, 417-18 (1981).

Registe also challenges the District Court's determination that there was probable cause to search. In Registe's view, the District Judge "misheard the testimony" and "erroneously found the officer smelled the odor of marijuana." Appellant's Br. 6. A review of the transcript belies Registe's contention and highlights that Officer Lindquist's testimony, though initially confusing, was clarified by the District Judge's own questioning regarding the smell of marijuana. Indeed, the District Judge rejected the defense's argument that the smell of marijuana was not coming from the car, explaining that his own examination of Officer Lindquist "made it clear that the odor of marijuana was evident upon [Registe's] exit from the vehicle." A156. Because our case law recognizes that the smell of marijuana can provide probable cause, *see Ramos*, 443 F.3d at 308, and because the District Court coupled the marijuana odor with Lindquist's observation of what

4

appeared to be a marijuana cigarette, we conclude that the District Court did not err in its probable cause determination.[2] In light of this determination, we also agree with the District Court that the subsequent search of the vehicle for contraband was constitutionally permissible. *Thornton v. United States*, 541 U.S. 615, 623 (2004); *United States v. Burton*, 288 F.3d 91, 100-101 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.

---

[2] Registe also argues that our precedent in *Ramos*, 443 F.3d at 308, establishing that the odor of marijuana can provide probable cause, is "no longer applicable as use of small amounts of marijuana is no longer a criminal infraction in the Virgin Islands." Appellant's Br. at 7. It is true that the Virgin Islands legislature decriminalized the possession of an ounce or less of marijuana. 19 V.I.C. § 607a(b) (2014). But marijuana and THC remain Schedule I controlled substances under 21 U.S.C. § 812(c), Sch. I (c)(10), (17). Its partial decriminalization in the Virgin Islands is therefore irrelevant to the determination of whether, under the totality of the circumstances, the smell of marijuana gives rise to probable cause to believe that the possession of marijuana in that instance is unlawful under 21 U.S.C. § 841. As we explained in *United States v. Laville*, 480 F.3d 187, 189 (3d Cir. 2007), "notwithstanding the validity of the arrest under state or local law, probable cause [for purposes of the Fourth Amendment] exists when the totality of the circumstances within an officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is committing an offense."