NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2273
_____

UNITED STATES OF AMERICA

v.

HAMID MURDOCK,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cr-00254-001)
District Judge: Hon. Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*.

(Filed: June 14, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Hamid Murdock appeals his judgment of conviction. We will affirm.[1]

Murdock entered a conditional guilty plea to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Murdock argues the District Court should have granted his motion to suppress because Officer Robert Bakos lacked reasonable suspicion to frisk Murdock. For the reasons stated by the District Court in its persuasive opinion, we hold that reasonable suspicion supported the frisk.

The facts are essentially undisputed. Murdock was a backseat passenger in a car Officer Bakos stopped on a January evening. Murdock concedes the validity of the traffic stop and that the smell of marijuana provided reasonable suspicion of criminal activity. *See United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006). Reasonable suspicion of criminal activity is not enough to justify a frisk, however; the officer must have reasonable suspicion that a person is "armed and dangerous." *United States v. Murray*, 821 F.3d 386, 393 (3d Cir. 2016) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)). This inquiry is based on the totality of the circumstances, and "we give considerable deference to police officers' determinations of reasonable suspicion given their own experience and specialized training." *United States v. Graves*, 877 F.3d 494, 498–99 (3d Cir. 2017)

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "We review denials of motions to suppress for clear error as to the underlying factual findings and exercise plenary review over the District Court's application of the law to those facts." *United States v. Hall*, 28 F.4th 445, 449 n.1 (3d Cir. 2022) (quotation marks and citation omitted).

(quotation marks and citation omitted).

The officers had reasonable suspicion that Murdock was armed and dangerous, even though he complied with all of Officer Bakos's requests. The traffic stop occurred after dark in a high-crime area. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). In addition, Murdock was "extremely nervous" and "breathing heavily." App. 73; *see id.* Most significantly, when Officer Bakos asked for Murdock's license, Murdock answered that "he [did] not have it on him, but then ma[de] a quick motion up with his right hand" to his right breast pocket. App. 73–74. "Quick and furtive movements," along with other indicators of criminal activity, support a reasonable suspicion that a suspect is armed and dangerous. *United States v. Yamba*, 506 F.3d 251, 255 (3d Cir. 2007). Officer Bakos's experience also informed his decision. *See Graves*, 877 F.3d at 499. He feared that Murdock was reaching for a gun because he has seen guns hidden in pockets the size of Murdock's. Together, these facts provided "a particularized and objective basis" to conclude that Murdock was armed and dangerous. *See United States v. Brown*, 448 F.3d 239, 246 (3d Cir. 2006) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). For these reasons, we will affirm.