**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2002
_____

UNITED STATES OF AMERICA

v.

DAVID LOVEINGS,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:24-cr-00110-001)
District Judge: Honorable Christy C. Wiegand
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2026
_____

Before: CHAGARES, Chief Judge, RESTREPO and MONTGOMERY-REEVES,
Circuit Judges

(Opinion filed: June 16, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Chief Judge.

David Loveings was indicted for possession with intent to distribute after a traffic stop and subsequent search of his vehicle uncovered a brick of cocaine. Loveings filed two motions to suppress the evidence from this traffic stop. The District Court denied both motions. Loveings then entered a conditional guilty plea preserving his right to appeal those rulings. For the reasons set forth below, we will affirm.

I.

We write solely for the parties and so recite only the facts necessary to our disposition.

Loveings was driving in Pittsburgh, Pennsylvania when Police Officers Jessy Carter and Blake Steininger pulled him over for having tinted windows and failing to come to a complete stop at several stop signs. Officer Carter explained why they had stopped Loveings and indicated that he could smell marijuana coming from the vehicle. Loveings responded: "I do smoke weed." Supplemental Appendix 10 ("Carter Video") at 1:30. After Officer Carter returned to his vehicle and searched Loveings's information on his vehicle's computer, he discovered Loveings was on federal supervised release. Officer Carter returned to Loveings's vehicle and asked him why he was on supervision, to which Loveings replied that he had been convicted of a drug crime. Officer Carter informed Loveings that "with what I smell and what I see, we have probable cause to search your vehicle right now." Carter Video at 6:55–7:02. Officer Carter asked Loveings for consent to search the vehicle, which Loveings initially denied. Officer Carter then reiterated that he detected a "strong odor of marijuana" and could also see

2

marijuana residue in the vehicle. Carter Video at 7:50–8:10. Officer Carter observed that the residue did not appear to be from a legal form of the drug, and Loveings confirmed he did not have a medical marijuana card.

While Officer Carter returned to the vehicle to contact a supervisor, Officer Steininger continued discussing consent with Loveings. Loveings ultimately consented to a search of the vehicle. Officer Carter then searched the vehicle and found a brick of nearly a kilogram of cocaine.

Loveings was indicted on one count of possession with intent to distribute 500 grams or more of cocaine. He pled not guilty and moved to suppress the evidence found in the car, contending that his consent had been coerced by the Officers' purported misrepresentation that they had probable cause to search his vehicle. The District Court held a hearing and denied the motion. Loveings filed another motion to suppress, contending that the officers lacked reasonable suspicion to stop him at all because he in fact had come to a complete stop at each intersection. The District Court again denied his motion.

Loveings later entered a conditional guilty plea, whereby he pled guilty under the condition that he be allowed to withdraw his plea if his appeal of the denial of the suppression motions was successful. The District Court sentenced Loveings to a term of imprisonment of sixty months. Loveings timely appealed.

Loveings contends that the District Court erred both in finding that he failed to come to a complete stop at two stop signs and in holding that the Officers had probable cause to search his vehicle. Neither argument has merit.

At the outset, Loveings's argument that he never should have been pulled over in the first place is unpersuasive. The District Court viewed the dashboard camera footage from the Officers' vehicle and found that Loveings failed to come to a full stop at the relevant intersections. See 75 Pa. Cons. Stat. § 3323(b) ("[E]very driver of a vehicle approaching a stop sign shall stop . . . ."); id. § 102 (defining "stop" as "complete cessation from movement"). Having viewed the dashboard camera footage, we see no clear error in the District Court's conclusion. See Scott v. Harris, 550 U.S. 372, 381 (2007) (noting that courts must "view[] the facts in the light depicted by the videotape").

We are also unpersuaded that the District Court erred in holding that the Officers had probable cause to search Loveings's vehicle. The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. Although warrantless searches are presumptively unreasonable, under the automobile exception, "officers may search an automobile without having obtained a warrant so long as they have probable cause to do so." Collins v. Virginia, 584 U.S. 586, 592 (2018) (citation omitted). This standard is based on the totality of the circumstances and requires

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We apply a mixed standard of review to the denial of a motion to suppress evidence, assessing factual findings for clear error and issues of law de novo. United States v. Jarmon, 14 F.4th 268, 271 (3d Cir. 2021).

reasonable belief that there is "a 'fair probability that contraband or evidence of a crime' [will be] found." United States v. Donahue, 764 F.3d 293, 301 (3d Cir. 2014) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

"It is well settled that the smell of marijuana alone . . . may establish not merely reasonable suspicion, but probable cause." United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006). Officer Carter testified that when he walked up to Loveings's vehicle, he smelled marijuana and observed ash "that had a burnt green tinge to it that looked like marijuana." Joint Appendix 34–35. Loveings also confirmed to Officer Carter that he smoked marijuana and did not have a medical marijuana card. We agree with the District Court that this was enough for probable cause under the totality of the circumstances.

Relying on our decision in United States v. Green, Loveings counters that the probative value of the marijuana odor is mitigated by the absence of marijuana uncovered during the subsequent search. 897 F.3d 173, 186 (3d Cir. 2018). Yet, we emphasized in Green that the absence of marijuana "mitigates, but does not eliminate, the probative value of [smell] evidence." Id. (emphasis added). Here, like in Green, "the smell of marijuana suggested that [Loveings] had recently transported drugs. The absence of drugs at any particular moment in no way foreclosed this inference." Id. at 186 n.8. Accordingly, the District Court did not err in holding that the search of the vehicle did not violate Loveings's Fourth Amendment rights.[2]

---

[2] Because the Officers had probable cause to search his vehicle, we do not need to address Loveings's argument that his consent to the search was invalid.

5

III.

For the foregoing reasons, we will affirm the judgment of the District Court.