**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2986

_____

UNITED STATES OF AMERICA

v.

TERRENCE BYRD,

                                    Appellant
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.:  1:14-cr-00321-001)
District Court Judge:  Honorable Chief Judge Christopher C. Conner

_____

Argued April 22, 2020.

(Filed: May 8, 2020)


Before:  HARDIMAN, RENDELL and FISHER, Circuit Judges.


Quin M. Sorenson (**Argued**)
Office of the Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
                    Counsel for Appellant

William A. Behe
Stephen R. Cerutti, II **(Argued)**
Office of United States Attorney
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
       Counsel for Appellee

————————

O P I N I O N[*]

————————

**RENDELL**, *Circuit Judge*:

Following its decision in *Byrd v. United States*, the Supreme Court remanded this case for us to consider whether probable cause supported the automobile search at issue in the underlying motion to suppress. 138 S. Ct. 1518, 1531 (2018). We initially remanded to the District Court to allow for consideration of the motion on a more developed factual record. *United States v. Byrd*, 742 F. App'x 587, 592 (3d Cir. 2018). The District Court denied the motion to suppress, finding in part that probable cause supported the search. *United States v. Byrd*, 388 F. Supp. 3d 406, 413–16 (M.D. Pa. 2019). The Court declined to reconsider its decision, *United States v. Byrd*, No. 1:14-CR-321, 2019 WL 3532159 (M.D. Pa. Aug. 2, 2019), and Terrence Byrd now appeals the denial of the motion to suppress. Because the District Court correctly determined that probable cause supported the search, we will affirm.

—————————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.    Background[1]

On September 17, 2014, Trooper David Long pulled Byrd over in a rental vehicle for failure to properly move into the right lane after passing a truck.  Trooper Long approached Byrd, who provided a rental agreement in another person's name as well as a temporary non-photographic New York driver's license.  Trooper Long testified that Byrd exhibited "extreme nervousness" and that, when trying to locate his documentation, Byrd reached toward the center console two or three times but avoided opening it.  App. 69–70.

Trooper Long was subsequently joined by Trooper Martin, and the two waited for Byrd's license and background check information.  The information from Byrd's temporary license returned the alias James Carter.  The officers also learned about a lengthy criminal history, including assault and drug offenses, and that Byrd had an outstanding warrant in New Jersey, but one designated "in-state pick-up only."  App. 393, Def. Ex. 11 at 10:27.

After a few minutes, Trooper Martin went to speak with Byrd.  When he returned to the car, he told Trooper Long that Byrd had been searching for his driver's license number and was very nervous and shaking.  When Martin spoke with Byrd again moments later, Byrd provided a driver's license number with the numbers in the wrong order.  The officers then placed a call to get more information about Byrd's identity.

---

[1] Because we write for the parties, who are familiar with the facts, we only include what is necessary to explain our decision.

The officers agreed that, given the discrepancies in the information about Byrd's identity, as well as his nervousness and shaking, "something [was] wrong." *Id.* at 27:02–27:18, 27:25–27:58, 28:06–28:16. Trooper Martin speculated that Byrd might be "wanted" and stated that he believed there was "marijuana, at minimum, in the center console." *Id.* at 21:16-21:19.

After confirming Byrd's identity, the officers got out of their car, approached Byrd, and asked him to exit the vehicle. Trooper Long wrote out a warning, which he gave to Byrd. The officers continued talking with Byrd and asked whether he had anything illegal in the car or had smoked marijuana. Byrd said no. After the officers asked specifically about the center console, Byrd indicated that he thought he had a "blunt" and offered to retrieve it.

The officers told Byrd they would get the blunt and search the car. Trooper Long informed Byrd, "you gave permission, and actually we have probable cause because you told us what's in there, but however we don't need it because you're not on [the rental agreement]; you have no expectation of privacy." *Id.* at 44:03-16.[2] While Trooper Long searched the passenger area, Byrd informed Trooper Martin that he had snorted cocaine

---

[2] This comment appears to be a reference to our then-governing precedent in *United States v. Kennedy*. In *Kennedy*, we held that a driver of a rental vehicle who was not listed on the rental agreement lacked a reasonable expectation of privacy in the vehicle and therefore lacked standing to challenge a search of the vehicle. 638 F.3d 159, 165 (3d. Cir. 2011), *abrogated by Byrd*, 138 S. Ct. 1518. We originally relied on *Kennedy* to affirm the District Court's denial of the motion to suppress, but the Supreme Court then vacated that order and remanded. *United States v. Byrd*, 679 F. App'x 146 (3d Cir. 2017), *vacated and remanded*, 138 S. Ct. at 1531.

4

earlier that day.  Trooper Martin then searched the trunk and found a bulletproof vest and a bag of heroin.

Terrence Byrd was indicted in 2014 on charges of possession with intent to distribute heroin and possession of body armor by a person previously convicted of a crime of violence.  On April 13, 2015, he filed a motion to suppress the evidence discovered in the trunk of the rental car.  The District Court denied the motion, and Byrd entered into a conditional plea agreement.  On appeal, we affirmed on the ground that, under our then-existing precedent, a driver of a rental car who was not on the rental agreement lacked standing to raise a Fourth Amendment challenge.  *United States v. Byrd*, 679 F. App'x 146, 150 (3d Cir. 2017), *vacated and remanded*, *Byrd*, 138 S. Ct. 1518.

The Supreme Court granted certiorari and held that the absence of Byrd's name on the rental agreement did not eliminate his reasonable expectation of privacy, and he did have Fourth Amendment standing to challenge the constitutionality of the search.  *Byrd*, 138 S. Ct. at 1531.  The Supreme Court remanded for this Court to consider whether the officers had probable cause to support the search.  *Id.*  We then remanded to the District Court to allow for a more developed factual record.  *Byrd*, 742 F. App'x at 592.  The parties fully briefed the issues, and the District Court denied the motion to suppress as well as a motion for reconsideration.  Byrd entered a conditional guilty plea, was sentenced to 120 months in prison, and now appeals.

5

## II. Standard of Review

We review *de novo* the constitutionality of a stop or search and whether evidence should have been suppressed. *United States v. Bey*, 911 F.3d 139, 144 n.19 (3d Cir. 2018). We review relevant factual issues for clear error. *Id.*

## III. Discussion

Byrd raises multiple arguments as to why the search of the rental vehicle was improper. He contends that reasonable suspicion did not support the extension of his detention to the point at which he referenced the "blunt." Even assuming reasonable suspicion supported the length of the stop, he argues that probable cause did not justify the search of the vehicle. Finally, Byrd asserts that, even if probable cause existed to support a search of the vehicle, such probable cause justified only a search of the passenger area, not the trunk. We address each point in turn.

Byrd first argues that the officers lacked reasonable suspicion to prolong the stop any longer than necessary to provide a warning or citation for the traffic violation. We previously addressed this issue when we considered Byrd's first appeal. There, we recognized that, "[o]nce a valid traffic stop is initiated, 'an officer who develops a reasonable, articulable suspicion of criminal activity may expand the scope of an inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation.'" *Byrd*, 679 F. App'x at 150 (quoting *United States v. Lewis*, 672 F.3d 232, 237 (3d Cir. 2012)). We then stated:

> The first officer's observation of Byrd's nervous avoidance of the
> center console coupled with Byrd's non-photographic identification,
> his use of an alias, and the absence of his name on the rental agreement

6

> gave rise to additional suspicion of other criminal activity. Moreover, we have little trouble concluding that, upon discovering a valid outstanding warrant from another state, an officer may extend a stop to inquire as to whether that other state wants the driver arrested for extradition. While the duration of the stop in this case may have been long, it was not constitutionally unreasonable.

*Id.* (citations omitted). We see no reason to depart from that conclusion here.

Byrd contends that our holding in his first appeal did not consider the extension of the stop to the point when the officers questioned Byrd about the contents of the vehicle. Even if that were true, the same reasonable suspicion justified the additional conversation and questioning. The officers had noticed Byrd was extremely nervous and avoided opening the center console, and they were aware of his use of an alias, lengthy criminal history, and outstanding warrant. These factors together gave them reasonable, articulable suspicion of criminal activity to justify additional questioning about Byrd's identity and the vehicle's contents. *See Lewis*, 672 F.3d at 237.

Because the prolonged interaction between the officers and Byrd was constitutionally permissible, we next consider whether probable cause supported the warrantless search of the vehicle. Under the automobile exception to the Fourth Amendment warrant requirement, officers may search a vehicle without a warrant if they have probable cause to believe it contains evidence of a crime. *United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002). We assess probable cause under the totality of the circumstances and "from the standpoint of an objectively reasonable police officer." *Id.* at 99 (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)); *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause exists where the circumstances establish a "fair

7

probability that contraband or evidence of a crime will be found" in the vehicle. *Burton*, 288 F.3d at 103 (quoting *Gates*, 462 U.S. at 238).

The officers here developed probable cause to search the vehicle when, in response to questioning, Byrd acknowledged that he had a "blunt" in the car. The officers reasonably understood the term "blunt" to refer to a marijuana cigarette and took Byrd's statement to indicate he had marijuana in the car. In a related context, we have held that "the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause" to search a vehicle. *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006). Even more so than the smell of marijuana, Byrd's admission that he might have a blunt in the car gave the officers an articulable and particularized basis to believe the vehicle contained dugs. Byrd's admission, coupled with the knowledge that Byrd was nervous, had a significant criminal history, and had used an alias, established a fair probability that illegal drugs would be found in the car and gave the officers probable cause to search for contraband.

Byrd contends that any probable cause to search for the blunt was limited to the passenger area of the vehicle and did not justify the further search of the trunk. We disagree. "[T]he police need have no more exact suspicions to search a trunk than are required to search the passenger compartment under the automobile exception, nor need they have independent reason to believe that the contraband for which they are searching is located specifically in the trunk." *United States v. Rickus*, 737 F.2d 360, 367 (3d Cir. 1984); *see also United States v. Ross*, 456 U.S. 798, 825 (1982). The officers here had

8

probable cause to search the entire vehicle for drugs, and they needed nothing more to justify a search of the trunk.

Even if Byrd were correct that the comment about the blunt provided probable cause to search only the passenger area, he overlooks the fact that, by the time the officers searched the trunk, he had confessed to additional drug use. After the commencement of the search of the passenger area but before the search of the trunk, Byrd admitted to snorting cocaine earlier in the day. That statement indicated that Byrd had possessed multiple illegal drugs and had lied about his drug involvement in earlier conversations with officers. To the extent that, initially, the officers might have been obligated to stop searching after examining the passenger area, the admission to cocaine usage changed the circumstances.[3] Byrd's admissions, in combination with the various factors previously discussed, gave the officers ample reason to believe Byrd may have additional drugs in the trunk.

The District Court rightly determined that the officers had probable cause to search the entire vehicle, including the trunk.[4]

---

[3] The District Court excluded Byrd's admission to cocaine usage from the probable cause analysis because the search of the vehicle had already begun at the time of the statement. If, however, we assume *arguendo* that the probable cause based on the blunt comment justified only a search of the passenger area, the admission to snorting cocaine becomes relevant to determine whether the officers received sufficient new information to establish probable cause to search the trunk.

[4] Because probable cause justified the search under the automobile exception, we need not reach the good faith exception. We note, however, that Judge Conner properly concluded that the good faith exception would apply in his decision on Byrd's motion for reconsideration because the officers reasonably believed in good faith that they had probable cause to search the vehicle.

## IV.  Conclusion

For the foregoing reasons, we will affirm.