NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 20-2977 and 20-2978
_____

UNITED STATES OF AMERICA

v.

MAURICE LACKEY,
a/k/a, Booper, a/k/a Maurice Demetrius Lackey,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 1-03-cr-00171-001 and 1-17-cr-00269-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 10, 2021

Before: HARDIMAN, MATEY, and SCIRICA, *Circuit Judges.*

(Filed: February 2, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Defendant Maurice Lackey challenges the District Court's denial of his motion to suppress physical evidence obtained from a search of his car. We will affirm.

I.

Shortly after midnight on June 18, 2017, Lackey, driving a Cadillac Escalade, cut across an intersection without yielding the right of way to oncoming traffic.[1] Lackey's failure to yield caused Sergeant (Sgt.) Tyron Meik of the Harrisburg Police Department (HPD), who was attempting to proceed straight through the intersection, to slam on his brakes to avoid a collision between their two vehicles. Immediately following the incident, Lackey drove a short distance from the intersection and parked on the side of the street. Sgt. Meik pulled up behind the Escalade, turned on his emergency lights, and initiated a traffic stop for Lackey's failure to yield at the intersection.

Sgt. Meik approached the driver's side window and asked Lackey if he knew why he was stopped. Lackey said yes, "[i]t was my fault." Appx. 068. Sgt. Meik then asked to see Lackey's license, proof of insurance, and registration. As Lackey fumbled through several documents trying to locate the requested items, Sgt. Meik noticed Lackey was fidgeting in his seat, moving around a lot, and otherwise appeared nervous. Eventually, Lackey produced an identification card and expired registration card, but he was unable to locate an insurance card. At this time, Sgt. Meik observed a male passenger, later identified

---

[1] These facts are drawn from the District Court's denial of the motion to suppress and from the testimony presented at the suppression hearing.

as Hakim Simmons, seated in the front passenger seat of the Escalade. Sgt. Meik asked Simmons for identification, and Simmons provided a driver's license. During their interaction, Sgt. Meik observed Simmons appearing very nervous.

While Sgt. Meik was still at the driver's side window, Officers Darrin Bates and Michael Rudy from the HPD arrived on scene along with some other backup officers. Officer Bates approached the front passenger side window and recognized the passenger as Hakim Simmons, who Officer Bates knew was wanted by the police. Officer Rudy joined Sgt. Meik at the driver's side window and smelled the scents of air freshener and marijuana emanating from the Escalade. As was observed by Sgt. Meik, Officer Rudy noticed that Lackey appeared very nervous.

Leaving Officers Bates and Rudy with the Escalade, Sgt. Meik walked back to his vehicle and ran the information obtained from Lackey and Simmons. After learning there were outstanding warrants, including a capias warrant, for Simmons' arrest, Sgt. Meik returned to Officer Bates at the Escalade's front passenger window. Sgt. Meik asked Simmons to step out of the vehicle and placed him under arrest. As Simmons exited the vehicle, Officer Bates smelled the scent of fresh marijuana coming from the Escalade. Sgt. Meik searched Simmons incident to arrest and found a bag of marijuana, a cell phone, and approximately $990 in cash in his front left shorts pocket. After completing the search of Simmons, Sgt. Meik stepped up to the driver's window and informed Lackey the officers would search the Escalade. Lackey refused to give consent to a search, but he was removed from the Escalade, and Officer Rudy began a search of the vehicle.

Officer Rudy immediately located a Sig Sauer .45 caliber handgun in the upper compartment of the center console, which was located directly between the driver and passenger seats. Upon discovery of the firearm, Officer Rudy paused the search and placed Lackey under arrest. Officer Bates then resumed the search and found cocaine base in the upper compartment of the same center console, a second .45 caliber handgun in the lower compartment of the center console, and a bag of marijuana stuffed between the passenger seat and center console. For the duration of the search, Sgt. Meik was occupied with Simmons' arrest, and he did not actively participate in the search.

A federal grand jury indicted Lackey for possession with intent to distribute cocaine base and marijuana (Count I), felon in possession of a firearm (Count II), and possession of firearms in furtherance of drug trafficking (Count III). Lackey pleaded not guilty and moved to suppress all evidence found during the search of the Escalade. The Court denied the motion to suppress, finding the search was permissible under the automobile exception to the Fourth Amendment's warrant requirement. A jury found Lackey guilty on all three counts, and Lackey was sentenced to 480 months' imprisonment. Lackey filed a timely appeal.

## II.[2]

Lackey challenges the District Court's denial of his motion to suppress evidence. We review a denial of a motion to suppress under a mixed standard—clear error for factual findings and plenary review for legal determinations. *United States v. Green*, 897 F.3d 173,

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

178 (3d Cir. 2018). We may affirm on any ground supported by the record. *Id.* (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless searches are presumptively unreasonable, "subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). One such exception is the "automobile exception," which allows law enforcement to search a vehicle without a warrant if there is "probable cause to believe that the vehicle contains evidence of a crime." *United States v. Donahue*, 764 F.3d 293, 300 (3d Cir. 2014) (quoting *United States v. Salmon*, 944 F.2d 1106, 1123 (3d Cir. 1991)).

"The probable cause inquiry is 'commonsense,' 'practical,' and 'nontechnical;' it is based on the totality of the circumstances and is judged by the standard of 'reasonable and prudent men.'" *Donahue*, 764 F.3d at 301 (quoting *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983)). Probable cause exists if "there was a 'fair probability that contraband or evidence of a crime' would have been found." *Id.* (quoting *Gates*, 462 U.S. at 238). If probable cause justifies a search under the automobile exception, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982).

Here, Officers Bates and Rudy developed probable cause to search the Escalade. "It is well settled that the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause." *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006). Both Officer Bates and Officer Rudy smelled the odor

5

of marijuana emanating from the Escalade, and that alone gave them the necessary probable cause to conduct a search of the vehicle.

Other factors further supported probable cause to search the Escalade. Sgt. Meik and Officer Rudy both observed that Lackey and Simmons appeared nervous during the stop. Additionally, Simmons was found with marijuana on his person following a lawful search incident to arrest. Considering all these factors, the court properly concluded there was a fair probability the Escalade contained evidence of a drug crime.

Lackey's argument that the marijuana odor could not be considered because it was not perceived by Sgt. Meik is misguided. Because Sgt. Meik, Officer Bates, and Officer Rudy were cooperating in the investigation, "the knowledge of one is presumed shared by all." *Illinois v. Andreas*, 463 U.S. 765, 771 n.5 (1983); *see also United States v. Belle*, 593 F.2d 487, 497 n.15 (3d Cir. 1979) ("The collective knowledge of the investigating officers is measured in determining probable cause.").

### III

For the foregoing reasons, we will affirm the District Court's denial of Lackey's motion to suppress evidence.

6