NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2970
_____

UNITED STATES OF AMERICA

v.

DAVID WASHINGTON,
Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-18-cr-0051-01)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 10, 2022

Before:  CHAGARES, *Chief Judge,* JORDAN, and SCIRICA, *Circuit Judges*

(Filed: November 30, 2022)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

On a tip about a woman in danger, police officers conducted a warrantless entry into an apartment inhabited by David Washington. After later obtaining a search warrant, the officers seized a large quantity of drugs, drug trafficking paraphernalia, and firearms. Washington was indicted for felony drug possession, drug trafficking, and illegal possession of firearms. He filed a motion to suppress, arguing that the police violated his Fourth Amendment rights. The District Court denied that motion, and Washington entered a conditional guilty plea allowing him to appeal the denial. Because probable cause and exigent circumstances justified the limited warrantless entry into the apartment, we will affirm.

## I.    BACKGROUND[1]

In August 2017, Harrisburg City Police Department officers went to an apartment building to investigate a confidential informant's concern that a woman, nicknamed "Pretty" and later identified as Shakila Jackson, was being held against her will and being forced to use drugs. When police officers arrived at the scene, they smelled marijuana smoke emanating from the apartment. They heard sounds coming from within, knocked on the door, and announced that they were police officers. Washington eventually answered the door while smoking a cigarette, which the officers believed was an attempt to mask the odor of marijuana.

---

[1] These background facts are drawn from the suppression hearing testimony of the government's sole witness, Harrisburg Police Officer Darrin Bates, and are undisputed.

A woman named Bonnie Rodgers was with Washington. When asked how many other people were in the apartment, Washington initially said there was just his girlfriend, who was in the bathroom, but he later stated that two other women, Elizabeth Matters and Tanya Fox, were also there. Fox and Matters then came within sight but neither they nor Rodgers matched the description of "Pretty." The officers noticed that Fox was "swaying as she was standing[,]" as if she was "falling asleep[,]" and her eyes appeared "real glassy[,]" indicating that she was under the influence of a controlled substance. (App. at 20.) Washington again repeated that his girlfriend was in the bathroom, and the police officers believed that he was hiding her either because she was badly hurt or she was flushing evidence of drug use down the toilet. Based on those suspicions, the officers entered the apartment to prevent any destruction of evidence or harm to "Pretty" that might occur before they could obtain a search warrant.

Once the officers were inside, "Pretty" stepped out of the bathroom and the officers confirmed her identity as Shakila Jackson and that she was not hurt. The officers performed a protective sweep after Washington gave them permission to walk through the apartment to see if anyone else was inside.

Suspicious of illegal activity, officers telephoned the owner of the apartment, Washington's wife's stepdaughter, for permission to search the apartment, which was refused. They requested and, after several hours of waiting, obtained a search warrant. Pursuant to that warrant, they seized "over 28 grams of cocaine base, heroin, fentanyl, marijuana, and other drugs in addition to seven firearms, tasers, handcuffs, ammunition, and five cellular phones." (D.I. 40 at 6.)

3

Washington filed a motion to suppress that physical evidence, which the District Court denied, concluding that "exigent circumstances created by [Washington] … permitted [police officers] to enter the apartment prior to obtaining a warrant." (D.I. 40 at 10.) Washington pleaded guilty to Possession with Intent to Distribute Heroin, N-ethylpentaylone and Dibutylone (bk-DMBDB), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), but his plea was conditioned on being allowed to appeal the denial of his suppression motion. He timely appealed.

## II. DISCUSSION[2]

Washington argues that the entry into and search of his apartment prior to the application for a search warrant requires the suppression of the physical evidence later seized pursuant to the warrant. Washington also argues that the District Court erred when it failed to consider whether the officer's continued presence in the apartment after confirming Jackson's safety was improper.[3] We first review the reasonableness of the warrantless entry into the apartment.

The Fourth Amendment requires that "all searches and seizures must be

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the underlying factual findings of a district court's denial of a motion to suppress for clear error, and we exercise plenary review over the district court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[3] Washington did not challenge the validity of the warrant in the District Court, nor has he done so before us, so that argument is forfeited. *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).

reasonable." *Kentucky v. King*, 563 U.S. 452, 459 (2011) (citing *Payton v. New York*, 445 U.S. 573, 584 (1980)). "Warrantless searches and seizures inside someone's home … are presumptively unreasonable unless the occupants consent or probable cause *and* exigent circumstances exist to justify the intrusion." *United States v. Coles*, 437 F.3d 361, 365-66 (3d Cir. 2006) (emphasis in original) (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981)). We have held that "the smell of marijuana alone, if articulable and particularized, may establish not merely reasonable suspicion, but probable cause," *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006), and exigent circumstances include, among other things, "the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others," *Coles*, 437 F.3d at 366.

The District Court correctly concluded that the initial warrantless search was reasonable, and Washington's Fourth Amendment rights were not violated, because probable cause and exigent circumstances justified the police officer's limited entry into the apartment. It found credible the testifying officer's statements that the marijuana odor was emanating from Washington's apartment, that Washington appeared evasive and not forthcoming regarding the number of occupants in the apartment, that Washington attempted to cover up the odor of marijuana by smoking a cigarette, and that Fox appeared to be under the influence of a controlled substance.[4]

The District Court also justifiably concluded that it was reasonable for the police to step inside the apartment without a warrant because they believed that Washington

---

[4] The District Court opinion refers to Matters as the one under the influence of a controlled substance, but the testifying officer stated that it was Fox.

5

"was hiding [Jackson] because she was badly hurt ... or they were getting rid of evidence in the bathroom [by] flushing it down the toilet," (App. at 21.), and both possibilities created exigent circumstances under *Coles*, 437 F.3d at 365-66. None of those factual findings constitutes clear error, and the District Court correctly applied the law to the facts.

We turn next to whether the District Court committed an error by failing to consider whether the officers' continued presence in the apartment was unlawful after they had confirmed Jackson's safety. Washington contends that the District Court erred when it "ended its analysis of [his] motion to suppress at the entry of the apartment … [because] the continued intrusion in the apartment after police made contact with Ms. Jackson was improper and was done to purely investigate an odor of marijuana without a warrant." (Opening Br. at 13.) But the same exigency concerning the destruction of evidence that helped support the warrantless entry into the apartment also justified the officers remaining in the apartment until they had a reasonable opportunity to obtain a search warrant. It would be illogical to allow law enforcement to enter a residence without a warrant to prevent the destruction of evidence only to require them to leave before a search warrant issued, effectively presenting suspects a second opportunity to destroy evidence of wrongdoing. *Cf. Illinois v. McArthur*, 531 U.S. 326, 331-34 (2001) ("[N]o case [has been found] in which th[e] [Supreme] Court has held unlawful a temporary seizure that was supported by probable cause and was designed to prevent the loss of evidence while police diligently obtained a warrant in a reasonable period of time."). Additionally, Washington "granted permission [to one of the officers to walk

6

through the apartment] as long as he could go with [the officer]," and he does not dispute that permission. (App. at 22.) Finally, no evidence was obtained while the officers remained in the apartment. All of it was seized after the officers obtained a search warrant. The District Court therefore did not commit an error by failing to explicitly consider whether the officer's continued presence in the apartment was improper after they had confirmed Jackson's safety.

III.    CONCLUSION

For the foregoing reasons, we will affirm.